UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>FELIPE GUTIERREZ-CHIC.<br><br>        Defendant. | Case No.: 19cr7050 JAH<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION [Doc. No. 19]** |

  Felipe Gutierrez-Chic, supervisee, filed a Motion for Reconsideration of this Court's order transferring his supervised release revocation matter to the Western District of Texas. The United States filed a response and opposition and Gutierrez-Chic filed a reply. Having reviewed the pleadings and the record in this case and assuming, but not conceding, that this Court has jurisdiction[1] to entertain this motion, the motion is DENIED.

  District courts "have 'inherent authority' to decide motions for reconsideration or rehearing of orders in criminal proceedings." United States v. Barragan-Mendoza, 174 F..3d 1024, 1028 (9th Cir. 1999). Motions for reconsideration in criminal proceedings are considered under the standard applicable to equivalent motions in civil proceedings.

---

[1] The parties are aware that prior to the filing of this motion to reconsider, the Western District of Texas had consented to jurisdiction over the matter.

1

United States v. Motta, 2012 WL 6569284, at *1 (D.Hawaii 2012); see also United States v. Okafor, 550 Fed. Appx. 414 (9th Cir. 2013). Under the Federal Rules of Civil Procedure, a court may, upon motion, relieve a party from final judgment or order for: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence. . .; (3) fraud. . ., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged. . .; or (6) any other reason justifying relief from the operation of judgment." Fed. R. Civ. P. 60(b). A motion for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Kona Enters. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (citations omitted).

This Court considered Fifth Circuit law that does not read into 18 U.S.C. section 18 an oath requirement in order to issue a warrant, United States v. Garcia-Avalino, 444 F.3d 444 (5th Cir. 2006), and the responsibility of the district court in the Western District of Texas to follow it. The district court in the Western District of Texas properly applied Fifth Circuit law as to approving a warrant for supervisee's arrest for alleged violation of supervised release. This Court has found that under the circumstances of this case, the only prudent and reasonable course of action was to transfer the matter back to the Western District of Texas.

The particular and strained circumstances here, as explained in this Court's previous order, involved the supervisee initiating a transfer to this Court for the sole purpose of circumventing Fifth Circuit law to his advantage and, while doing so, misleading the United States Probation Office through his failure to advise the probation officer of his true intentions and the differences in case law between the Fifth Circuit and the Ninth Circuit – all to accomplish his purpose of directly constructing a favorable outcome of his case. While the initial reason provided to the probation officer for transfer of jurisdiction was Supervisee's daughter, who did not speak English or Spanish, being held at the border. However, prior to filing the motion to dismiss, Gutierrez knew his daughter was released

from custody to the care of a sponsoring family member in the state of Florida. This Court adopts its findings provided in its previous order in full. This forum-shopping or attempted manipulation of jurisdiction has not and will not be tolerated by this Court.[2]

Gutierrez-Chic has not shown any mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud or misrepresentation or other misconduct by an adverse party or any other reason, on this record, justifying relief from the operation of the order. In addition, Gutierrez-Chic's presentation of authority that could have been considered if raised in the initial proceedings will not be entertained here as it does not qualify as an intervening change in controlling law. Based upon these circumstances, the Court has not committed clear error.

For the above reasons and specifically, including the arguments in opposition contained in the government's response to this motion, which are adopted by this Court in full and need not be further articulated here, IT IS HEREBY ORDERED the motion for reconsideration is DENIED.

DATED: May 24, 2019

_____
JOHN A. HOUSTON
United States District Judge

---

[2] In essence, perhaps what the Court refrained to express in its previous order is appropriate now in light of supervisee's current arguments. Prior to and during the original hearing and continuing in his motion to reconsider, the Court finds the conduct of Gutierrez-Chic's counsel borders upon if not crosses the line of an ethical violation due to a web of deceit upon the probation officer and upon this Court's good faith execution of judicial functions.